■ In the Matter of NORMAN ALEXANDER, Respondent-Appellant, v SPANIERMAN GALLERY, LLC, Appellant-Respondent, and UNIVERSE ANTIQUES, INC., et al., Respondents. [822 NYS2d 506]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered May 1, 2006, which granted in part and denied in part petitioner's motion for disclosure and examination prior to the commencement of an action, unanimously modified, on the law and the facts, to delete the direction that the identity of the sculpture's purchaser not be publicly disclosed, and otherwise affirmed, without costs.

In this proceeding, brought pursuant to CPLR 3102 (c), seeking discovery in advance of the filing and service of a complaint, petitioner was properly permitted to obtain disclosure of the identity of the individual or entity that purchased the sculpture allegedly stolen from his home, such person or entity being a potential defendant in a prospective action by petitioner to, inter alia, replevy the artwork (*see Matter of Wien & Malkin v Wichman*, 255 AD2d 244 [1998]; *and see Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311, 317 [1991]). There was, however, no basis for the restriction placed upon petitioner's use of the purchaser's identity. The purchase took place at a public sale and was publicly reported and the purchaser will, in any event, be publicly named in petitioner's prospective action.

We have considered respondent's remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Williams, Gonzalez and Sweeny, JJ.