■ SAMAAD BISHOP, Appellant, v STEVENSON COMMONS ASSOC., L.P., et al., Respondents, et al., Respondents. [905 NYS2d 29]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered June 11, 2009, which, inter alia, denied petitioner's application for pre-action disclosure pursuant to CPLR 3102 (c), unanimously modified, on the law and in the exercise of discretion, to direct respondents to preserve any and all surveillance videotapes, digital tapes, electronic images, and computer files of the removal, moving and storage of petitioner's property on November 26, 2008, between the hours of 7 A.M. and 7 P.M., and otherwise affirmed, without costs.

When petitioner was evicted from his apartment, his furniture

and belongings were seized and moved from his former residence to respondent Midtown's storage facility. Petitioner claims that when he retrieved his property from storage about a month after the eviction, a number of items were damaged and broken, and three items were missing. In his application for pre-action discovery, petitioner sought, inter alia, the names and addresses of "all individuals, servants, employees, managers and subcontractors who participated, supervised, drafted inventory sheets, and moved, transferred and stored [p]etitioner's personal property and furnishings."

Pre-action discovery "is not permissible as a fishing expedition to ascertain whether a cause of action exists" (*Liberty Imports v Bourguet*, 146 AD2d 535, 536 [1989]) and is only available where a petitioner demonstrates that he or she has a meritorious cause of action and that the information sought is material and necessary to the actionable wrong (*id.* at 536). Generally, the determination of whether a party has demonstrated merit lies in the sound discretion of the trial court (*Matter of Peters v Sotheby's Inc.*, 34 AD3d 29 [2006], *lv denied* 8 NY3d 809 [2007]).

Here, no reason exists to alter the court's discretionary determination to deny discovery of the names and addresses. The lower court concluded that this information was not required in order for petitioner to frame a complaint. Petitioner argues that he needs the names of the individual employees in the event they committed the tort of conversion. However, petitioner cannot use pre-action discovery to determine whether he might have additional causes of action or alternative theories of liability arising out of this incident (*see Matter of Uddin v New York City Tr. Auth.*, 27 AD3d 265 [2006]). Petitioner's conversion claim rests largely on speculation that the employees might have taken his property. Moreover, petitioner does not explain why he cannot commence the action against Midtown and determine, in the course of discovery, whether any intentional torts might have been committed by the individual employees.

As this Court noted in *Belco Petroleum Corp. v AIG Oil Rig* (179 AD2d 516, 517 [1992]), when considering a pre-action discovery request, "a sensitive balance must be struck between the intrusiveness of the discovery device as against the merits, or lack thereof, of the claim." Here, the court below struck the appropriate balance in denying discovery of the names and addresses. The court, however, should have ordered preservation of any and all videotapes relevant to the removal, moving and storage of petitioner's property on the day of the move (*see Western Inv. LLC v Georgeson Shareholder Sec. Corp.*, 43 AD3d

333 [2007]). Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ.

Motion insofar as it seeks to enlarge record granted and insofar as it seeks sanctions denied. Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ.