■ In the Matter of FRANCISCO L. CAMARA, Respondent, v SKANSKA, INC., et al., Appellants. [55 NYS3d 27]—

Order, Supreme Court New York County (Carol R. Edmead, J.), entered February 24, 2016, which, to the extent appealable, granted petitioner's application for pre-action disclosure pursuant to CPLR 3102 (c), unanimously modified, on the facts and as a matter of discretion, to delete paragraphs 3 and 4 of the order, which provide for a deposition, and otherwise affirmed, without costs.

Although respondents have already largely complied with petitioner's pre-action disclosure requests, respondents still have an ongoing obligation to "amend or supplement" their responses (CPLR 3101 [h]), and the order imposes additional outstanding disclosure obligations. Accordingly, the order has potential continuing practical consequences to respondents and their appeal is not moot (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 811-812 [2003], *cert denied* 540 US 1017 [2003]; *Saratoga Harness Racing v Roemer*, 290 AD2d 928, 928, 929 n [3d Dept 2002]).

The court properly exercised its discretion in directing pre-action disclosure pursuant to CPLR 3102 (c). Petitioner, a construction laborer who, while working for respondents, was injured while extracting a pin from a concrete roadblock, established that he likely has a meritorious products liability claim against the pin's manufacturer, and further showed that the limited information sought, which included information that would identify the defendant manufacturer, was material and necessary to the actionable wrong (*see Holzman v Manhattan & Bronx Surface Tr. Operating Auth.*, 271 AD2d 346, 347 [1st Dept 2000]; *Matter of Uddin v New York City Tr. Auth.*, 27 AD3d 265 [1st Dept 2006]; *Matter of Stump v 209 E. 56th St. Corp.*, 212 AD2d 410 [1st Dept 1995]). However, the order granting the petition exceeded the scope of the information sought, as it required respondents to furnish a witness with specific knowledge of the accident site for a deposition. As petitioner did not request and shows no need for such disclosure in order to frame a complaint, the order is modified to the extent indicated (*see Matter of Verdon v New York City Tr. Auth.*, 92 AD2d 465 [1st Dept 1983]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.