Matter of Delgrange v RealReal, Inc. (2020 NY Slip Op 02170)





Matter of Delgrange v RealReal, Inc.


2020 NY Slip Op 02170


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11335N 161557/18

[*1]In re Jessica Delgrange, Petitioner-Respondent,
v
The RealReal, Inc., Respondent-Appellant, Marc Jacobs International, LLC, Respondent.


Boies Schiller Flexner LLP, New York (Yotam Barkai of counsel), for appellant.
Kaplan Levenson P.C., New York (Steven M. Kaplan of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 3, 2019, which, to the extent appealed from, denied respondent The RealReal, Inc.'s (TRR) motion pursuant to CPLR 3103(a) for a protective order denying the petition brought pursuant to CPLR 3102(c) to compel TRR to disclose the identity of persons who posted for sale on its consignment website articles of clothing allegedly stolen from petitioner, or, alternatively, directing petitioner to execute a confidentiality agreement as a pre-condition to disclosure by TRR, unanimously affirmed, with costs.
As a threshold matter, TRR's motion pursuant to CPLR 3103(a) is a proper vehicle for challenging the petition brought pursuant to CPLR 3102(c) (see e.g. Liberty Imports v Bourguet, 146 AD2d 535, 537 [1st Dept 1989]). CPLR 3102(c) merely provides a device for obtaining pre-action discovery, and CPLR 3103(a) is a means for obtaining "at any time" an order "denying, limiting, conditioning or regulating the use of any disclosure device." The fact that TRR has produced information relating to 20 of the items at issue does not moot its appeal (see Matter of Camara v Skanska, Inc., 150 AD3d 548 [1st Dept 2017]; Matter of New York City Asbestos Litig., 109 AD3d 7, 12 n 2 [1st Dept 2013], lv dismissed 22 NY3d 1016 [2013]).
In support of her application for pre-action discovery pursuant to CPLR 3102(c), petitioner demonstrated a meritorious cause of action for conversion (see Bishop v Stevenson Commons Assoc., L.P., 74 AD3d 640 [1st Dept 2010], lv denied 16 NY3d 702 [2011]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44 [1995] [elements of conversion claim]). In an affidavit, she averred that she had a collection of thousands of articles of fashion items made by respondent Marc Jacobs International, LLC (Marc Jacobs), many of which were rare or unique; that she routinely monitored TRR's website for other Marc Jacobs items; and that she noticed, beginning in late 2017, that items similar to hers were being posted online. Growing suspicious, she inventoried her collection and discovered that many pieces were missing that seemed to be the same as items posted on TRR's website. Petitioner reviewed thousands of Marc Jacobs items that had been listed for sale on TRR's website, and identified 153 items that she believed had been stolen from her collection. She then purchased several of the items, including one that had an identifying tear in it, and ascertained that they had been hers.
Petitioner also demonstrated that the discovery she seeks from TRR — the identity of the people who posted — is material and necessary to the prosecution of her posited cause of action (see Bishop, 74 AD3d at 641; see e.g. Matter of Alexander v Spanierman Gallery, LLC, 33 AD3d 411 [1st Dept 2006]; Matter of Banco de Concepcion v Manfra, Tordella & Brooke, 70 AD2d 840, 841 [1st Dept 1979], appeal dismissed 48 NY2d 655 [1979]; Matter of Cohen v Google, Inc., 25 Misc 3d 945 [Sup Ct, NY County 2009]).
Supreme Court providently exercised its discretion in shaping and executing the [*2]confidentiality order governing disclosure by TRR. The court addressed TRR's concerns about petitioner's contacting its customers by modifying the form to require petitioner to give TRR 24 hours' written notice prior to any use of information disclosed under the order. The court also providently exercised its discretion in declining to restrict petitioner's use of information disclosed under the order to conversion claims. Although petitioner does not currently posit any theory other than conversion as a basis for pre-action discovery, she is not foreclosed from developing, at some point, new viable theories for recovery, such as replevin (see e.g. Alexander, 33 AD3d at 412). There is no basis for making it impossible for her to seek recovery under any legitimate theory that may arise.
We have considered TRR's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK