Matter of GTV Media Group, Inc. v Confidential Global Investigations (2022 NY Slip Op 03318)

Matter of GTV Media Group, Inc. v Confidential Global Investigations

2022 NY Slip Op 03318

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 

Index No. 155048/21 Appeal No. 15977-15977A Case No. 2021-02995, 2021-03576 

[*1]In the Matter of GTV Media Group, Inc., Petitioner-Appellant,
v
Confidential Global Investigations, Respondent-Respondent, Duowei News, Inc., Respondent.

Frankfurt Kurnit Klein & Selz, PC, New York (Jesse Klinger of counsel), for appellant.
Seiden Law Group LLP, New York (Amiad Kushner of counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 12, 2021, which denied the petition seeking pre-action discovery under CPLR 3102(c) and dismissed this proceeding, unanimously affirmed, with costs. Order, same court and Justice, entered September 27, 2021, which, to the extent appealed from, denied, sub silentio, petitioner's motion for a default judgment against respondent Duowei News, Inc. (DWNews), unanimously affirmed, with costs.
Supreme Court providently denied the petition and dismissed the proceeding. Pre-action discovery "is not permissible as a fishing expedition to ascertain whether a cause of action exists" (Bishop v Stevenson Commons Assoc., L.P., 74 AD3d 640, 641 [1st Dept 2010], lv denied 16 NY3d 702 [2011], quoting Liberty Imports v Bourguet, 146 AD2d 535, 536 [1st Dept 1985]). Rather, the discovery is available where a petitioner demonstrates that it has a meritorious cause of action and the information sought is material and necessary to the actionable wrong (Bishop, 74 AD3d at 641). Here, petitioner's identified claims rest largely on speculation that one of its employees, officers, directors, or attorneys "must" have leaked its financial information, and that its trade secrets may have been or could be compromised (id.). Respondent obtained the information from an outside source and a public blog. Notably the information had previously been provided to the SEC. There is no factual basis for concluding that the leak must have been internal. Since the petition does not allege facts concerning how the allegedly wrongful conduct occurred and lacks any description of a potential defendant, petitioner seeks merely to ascertain whether it may have a meritorious cause of action against possible wrongdoers. This is an inappropriate use of CPLR 3102 (see Matter of Johnson v Union Bank of Switzerland, AG, 150 AD3d 436, 436 [1st Dept 2017]; Bishop, 74 AD3d at 641; compare Matter of Delgrange v RealReal, Inc., 182 AD3d 421, 422 [1st Dept 2020], lv dismissed 36 NY3d 955 [2020] [valid cause of action for conversion where the petitioner allegedly found and purchased her own stolen fashion items being sold on the respondent's website]).
To the extent that petitioner later sought a default judgment against DWNews, petitioner again failed to show a meritorious cause of action, and therefore necessarily
did not submit "proof of the facts constituting the claim" (CPLR 3215[f]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022