Matter of Khorassani v Financial Indus. Regulatory Auth. (2024 NY Slip Op 00354)

Matter of Khorassani v Financial Indus. Regulatory Auth.

2024 NY Slip Op 00354

Decided on January 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 25, 2024

Before: Moulton, J.P., Kapnick, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 153819/23 Appeal No. 1534 Case No. 2023-03770 

[*1]In the Matter of David Khorassani, Petitioner-Appellant,
v
Financial Industry Regulatory Authority, Respondent-Respondent.

The Basile Law Firm P.C., Jericho (Mark R. Basile of counsel), for appellant.
Faegre Drinker Biddle & Reath LLP, New York (John P. Mitchell of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered June 20, 2023, which denied the petition for pre-action discovery under CPLR 3102(c) and dismissed this proceeding, unanimously affirmed, with costs.
Supreme Court providently denied the petition and dismissed the proceeding. "Before an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order" (CPLR 3102[c]). To obtain pre-action disclosure pursuant to CPLR 3102, a petitioner must demonstrate it has sufficient factual basis to assert "a meritorious cause of action and [that] the information sought is material and necessary to the actionable wrong" (Matter of GTV Media Grp., Inc. v Confidential Global Investigations, 205 AD3d 539, 539 [1st Dept 2022]). "Pre-action disclosure is not allowed to determine whether facts supporting a cause of action exist" (Matter of Gleich v Kissinger, 111 AD2d 130, 131 [1st Dept 1985]).
Petitioner alleges that he owns certain equities that declined in value in late 2022 as a result of unspecified market manipulation. He admits that he is not able to set forth the particulars of the illegal trading by any specific broker and that he does not know the times, dates and particulars of the alleged illegal trading activity. Even assuming, without deciding, that the data in question are relevant and not subject to privilege, petitioner's conclusory allegations fall far short of the showing necessary to obtain pre-action disclosure (see Matter of GTV Media Grp., Inc., 205 AD3d at 539-540).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2024