Matter of Sokolova v City of New York (2024 NY Slip Op 00823)

Matter of Sokolova v City of New York

2024 NY Slip Op 00823

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Manzanet-Daniels, J.P., Oing, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 156354/22 Appeal No. 1664 Case No. 2023-00701 

[*1]In the Matter of Tatiana Sokolova, as Proposed Guardian of Viacheslav Kargin (Also Known as "Korgin Viacheslav"), Petitioner-Respondent,
v
City of New York, Respondent-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for appellant.
Beldock Levine & Hoffman LLP, New York (David B. Rankin of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered November 28, 2022, which, to the extent appealed from as limited by the briefs, granted in part petitioner's CPLR 3102(c) application for pre-action disclosure, unanimously affirmed, without costs.
The court providently granted a limited amount of pre-action disclosure, including disclosure of video camera recordings taken at Rikers Island involving an inmate attack, the identity of New York City Department of Correction employees on duty on the date of the incident, and any documents or records regarding the incident.
There is no reason to alter the court's discretionary determination in light of the special circumstances here, where the inmate who was attacked suffered a brain injury that rendered him unable to communicate the details of the incident (see Bishop v Stevenson Commons Assoc., L.P., 74 AD3d 640, 641 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). As the court found, petitioner established prima facie that she likely has, at a minimum, a meritorious cause of action for negligence against the City because it had a duty to protect Kargin while he was detained at Rikers Island, and the City breached that duty when it failed to prevent another inmate from attacking Kargin and/or failed to intervene before Kargin suffered severe injuries (Sanchez v State of New York, 99 NY2d 247, 252-253 [2002]). The information petitioner seeks is material and necessary for potentially viable claims alleging violations of the Fourth and Fourteenth Amendments and correlating state law negligence claim, which would assist her in framing her complaint and identifying prospective defendants (see Matter of Delgrange v RealReal, Inc., 182 AD3d 421, 421-422 [1st Dept 2020], lv dismissed 36 NY3d 955 [2020]; CPLR 3102 [c]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024