| |
|:---:|
| **Gilbertson v City of New York** |
| 2024 NY Slip Op 34148(U) |
| November 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155934/2024 |
| Judge: Jeanne R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JEANINE R. JOHNSON**          PART                    **52-M**

*Justice*

-----------------------------------------------------------------------X

NANCY GILBERTSON,                                         INDEX NO.          155934/2024

                                                          MOTION DATE        06/27/2024
                          Petitioner,
                                                          MOTION SEQ. NO.        001
              - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION, BANK OF
AMERICA WINTER PARK AT BRYANT PARK, THE                    **DECISION + ORDER ON**
BRYANT PARK RESTORATION CORP., BRYANT PARK                       **MOTION**
CORPORATION, BRYANT PARK MARKET EVENTS, LLC

                          Respondent.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 7, 8, 9, 10, 11, 12
were read on this motion to/for _____DISCOVERY - PRE-ACTION_____.

Upon the foregoing documents and oral argument heard on August 28, 2024, Petitioner,

Nancy Gilbertson's request for pre-action discovery pursuant to CPLR 3102(c) is granted.

CPLR § 3102(c) states, in relevant part, "before an action is commenced, disclosure to aid

in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by

court order." In support of an application pursuant to CPLR 3102(c), a Petitioner must demonstrate

a meritorious cause of action and that the discovery sought is material and necessary to an

actionable wrong. *Delgrange v. RealReal, Inc.*, 182 AD3d 421 (1st Dept 2020). The court has

discretion to grant a petition that seeks information that is material and necessary for potentially

viable claims which would assist in identifying prospective defendants. *Sokolova v. City of New

York*, 224 AD3d 522 (1st Dept. 2024).

This Court finds that the Petitioner has demonstrated a meritorious cause of action against

potential yet-to-be ascertained entities and/or individuals responsible for the installation,

maintenance, and/or monitoring of the alleged defective carpet condition at the Winter Village on December 8, 2023.

Accordingly, it is hereby

ORDERED that the Respondents are Ordered to produce, within 30 days, materials within their possession that identify the entities or individuals responsible for carpeting the pedestrian walkways at the Winter Village on December 8, 2023, including but not limited to a complete list of vendors, contractors, subcontractors, or other entities involved in the installation, maintenance, and monitoring of the flooring and carpeting at the Winter Village; it is further

ORDERED that the Respondents are to preserve the below as it pertains to December 8, 2023 and not for the entirety of the 2023-2024 holiday season:

-Contact information for and information regarding the roles of all such entities identified; all communications related to the installation, maintenance, and monitoring of flooring and carpeting at the Winter Village; all contracts, agreements, and related documents in the Respondents' possession related to these entities' involvement in the planning, installation, maintenance, and monitoring of the flooring and carpeting at the Winter Village;

-Contracts, agreements, work orders, and communications related to the installation, maintenance, and management of flooring and carpeting; installation and maintenance schedules, protocols, and quality control measures for flooring and carpeting; inspection reports and maintenance logs related to flooring, subflooring, or carpeting; installation of carpeting or any other type of similar floor covering; installation of wood panels or any other type of subflooring or base layer; any work related to floor assembly, laying down of temporary or permanent

**155934/2024   GILBERTSON, NANCY vs. THE CITY OF NEW YORK ET AL**
**Motion No.   001**

**Page 2 of 4**

2 of 4

[* 2]

flooring, floor treatment, and carpeting, and maintenance, performed by any trade such as flooring contractors, carpenters, carpet installers, and/or any other professionals involved in the preparation, installation, and/or maintenance of the flooring surface at the Winter Village on December 8, 2023;

-Permits, licenses, or approvals issued or received by any of the Respondents regarding responsibility for the management, production, or implementation of the Winter Village on or about December 8, 2023;

-Documents detailing the application process, criteria for approval, and any conditions or requirements specified in the permits regarding the installation, maintenance, and monitoring of the flooring and carpeting at the Winter Village; all correspondence and communications related to the issuance, renewal, or modification of these permits; records of inspections or compliance checks conducted as part of the permitting process; all violations or citations issued or received relating to such permits for the event, including follow-up actions or resolutions;

-Safety plans, risk assessments, and hazard mitigation strategies for the Winter Village, focusing on outdoor flooring, carpeting, and/or walkways, in the Respondents' possession; and safety inspection records for outdoor flooring and walkways from 2018 to the present;

-Incident reports, complaints, or records of accidents related to outdoor flooring, carpeting, and/or walkway issues; written complaints, 311 calls, incident reports, risk assessments, safety plans, hazard mitigation strategies; and any other

**155934/2024 GILBERTSON, NANCY vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 3 of 4**

[* 3]

3 of 4

documentation regarding trip and fall hazards at the Winter Village at Bryant Park from 2018 to the present;

-Insurance certificates, policies, or coverage details for any entities related to outdoor flooring or carpeting or trip and fall liabilities as they relate to the operation of the Winter Village;

-Records of claims or notifications of potential claims related to trips and falls at the Winter Village from 2018 to the present; and

-Surveillance footage depicting the trip and fall incident that occurred on December 8, 2023, at approximately 5:30 p.m., as well as for the entire day preceding the Petitioner's trip and fall.

This constitutes the Decision and Order of the Court.

| 11/15/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **JEANINE R. JOHNSON, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155934/2024   GILBERTSON, NANCY vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 4 of 4