| |
|---|
| **Vargas v Department of Educ. of the City of N.Y.** |
| 2025 NY Slip Op 32004(U) |
| June 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152009/2024 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. LYNN R. KOTLER**          PART                08

*Justice*

-----------------------------------------------------------------------X

WILFREDO VARGAS,

                    Petitioner,

            - v -

THE DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK, THE TEACHERS' RETIREMENT SYSTEM OF
THE CITY OF NEW YORK

                    Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152009/2024 |
| MOTION DATE | 03/05/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36
were read on this motion to/for          **ARTICLE 78 (BODY OR OFFICER)**     .

Upon the foregoing documents, this motion is decided as follows. In this special proceeding brought pursuant to CPLR Article 78, petitioner WILFREDO VARGAS ("Vargas" or "petitioner") seeks an Order directing respondents The Department of Education of the City of New York and THE TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK ("DOE", "TRS", or "respondents") to award Vargas approximately 4 years and 15 days of additional service time. Vargas argues that DOE was arbitrary and capricious in denying him certain pension benefits he allegedly qualified for as part of a class action lawsuit against the Board of Education. DOE opposes and argues that the petition should be dismissed as moot and that DOE had a rational basis for their determination. For the reasons that follow, the petition is granted.

Facts

152009/2024  VARGAS, WILFREDO vs. THE DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK ET AL
Motion No. 001

Page 1 of 7

[* 1]

The relevant facts, which are based on the Verified Petition and Verified Answer, are as follows. Vargas was previously an employee of the DOE and had accrued 20 years, eight months, and 15 days of service credit prior to retiring in 2022.

On or about September 5, 2017, Vargas enrolled in a "Tier VI Basic Age 62 Retirement Plan". Vargas was a member of a class action lawsuit, *Gulino v. the Board of Education*, United States District Court, Southern District of New York, 96 Civ. 8414. As a result of the class action litigation, Vargas' retirement account was automatically changed to a "Tier IV Basic Age 62 Retirement Plan" and was assigned a membership date of January 19, 2005.

Pursuant to a Stipulation and Order dated December 17, 2018, *Guilino* requires that class members enroll in the 55/25 Early Retirement plan ("55/25 plan") within 90 days of their individual *Gulino* judgment by submitting an enrollment form, which is sent to their counsel, to TRS. The 55/25 plan requires 25 years of accrued service credit after reaching age 55. Respondents allege that Vargas 55/25 plan opt in form was due by December 8, 2021, but was not received by that date.

On or about January 11, 2022, Vargas received a letter from the TRS informing him that in order to receive the pension relief granted in *Gulino*, he was required to pay $7,429.98 of Basic Member Contributions within 90 days of the date of the letter from TRS or receipt of the DOE back-pay award, whichever was later. Vargas provided a screenshot from his Municipal Credit Union bank statement showing a withdrawal for this amount on March 8, 2022, which was within the 90-day window.

In a letter dated March 7, 2022, TRS claims it sent an autogenerated letter to Vargas in error. The letter included a 55/25 plan enrollment form that respondents allege was different than

152009/2024  VARGAS, WILFREDO vs. THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 2 of 7

those provided to the members of the *Gulino* class action. On March 23, 2022, Vargas submitted the 55/25 plan enrollment form that TRS provided with the March 7, 2022 letter.

On August 2, 2023, Vargas' attorney sent a letter to TRS inquiring about enrollment in the 55/25 plan because Vargas did not receive the additional service credits despite submitting the required payment and the 55/25 enrollment form four months prior. Since Vargas did not receive a response, his attorney sent another letter inquiring about his enrollment on October 27, 2023.

On November 9, 2023, Vargas received a letter from the TRS correspondence unit denying the inquiry on the following grounds:

> Please note that under New York State retirement law, Mr. Vargas had the option of enrolling in the Early Retirement Program, which provides him with his full retirement benefit upon reaching Age 55; however, he must complete at least 25 years of service. Because of his enrollment in the Early Retirement Program, he was required to make Additional Member Contributions (AMCs) for all service periods credited to his Qualified Pension Plan (QPP) account.

Petitioner filed the instant petition on March 5, 2024. In a letter from TRS to Vargas dated July 16, 2024, respondents initiated a refund check representing Vargas' contribution payments, $8,622.40 representing the AMCs Vargas paid and $7,426.27 representing his AMC deficit payments. Vargas deposited the checks because he assumed they were part of his retirement benefit payments. On November 7, 2024, Vargas issued checks to the TRS to return the refund after being advised that the checks were a refund on his AMCs.

Discussion

At the outset, respondents argue that the petition is moot because they have issued a refund of the contributions made by Vargas and he has been assigned all service credits owed to him. "Generally, courts may not pass on moot questions" (*Matter of Puerto v Doar*, 142 AD3d

152009/2024   VARGAS, WILFREDO vs. THE DEPARTMENT OF EDUCATION OF THE CITY OF          Page 3 of 7
NEW YORK ET AL
Motion No. 001

[* 3]                                    3 of 7

34, 43 [1st Dept 2016] citing *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Where a judicial determination "has potential continuing practical consequences" to the parties, the controversy is not moot (*Matter of Camara v Skanska, Inc.*, 150 AD3d 548, 549 [1st Dept 2017]; *see also Saratoga County Chamber of Commerce, Inc. v Pataki*, 100 NY2d 801, 812 [2003] *cert denied* 540 US 1017 [2003]).

Here, petitioner seeks additional service time to qualify for the 55/25 plan, and the denial of the petition will bar him from seeking admission into the plan. Refunding Vargas the two payments, $8,622.40 and $7,426.27, respectively, does not provide petitioner with the relief he seeks (*see Matter of Braxton v Commissioner of N.Y. City Police Dept.*, 283 AD2d 253 [1st Dept 2001] [petition was in part moot after respondent provided documents requested pursuant to a FOIL request]). Because the outcome of the petition has practical consequences for Vargas and respondent has not provided relief sought, the instant petition is not moot.

In an Article 78 proceeding, the applicable standard of review is whether the administrative decision was made in violation of lawful procedure; affected by an error of law; or arbitrary or capricious or an abuse of discretion, including whether the penalty imposed was an abuse of discretion (CPLR § 7803 [3]). "[T]he proper test is whether there is a rational basis for the administrative orders, the review not being of determinations made after quasi-judicial hearings required by statute or law" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck. Westchester County*, 34 NY2d 222, 231 [1974] [emphasis removed]; *see also Matter of Colton v. Berman*, 21 NY2d 322, 329 [1967]).

"Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" (*Matter of Pell*, 34 NY2d at 231; *see also Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Ferrelli v State of New York*, 226

152009/2024  VARGAS, WILFREDO vs. THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 4 of 7

AD3d 504, 504 [1st Dept 2024]). If the agency determination is supported by a rational basis, it must be upheld even if a different conclusion could have been reached by the court (*Matter of Ferrelli*, 226 AD3d at 504; *see also Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]).

Review of an agency's determination is limited to the grounds invoked by the agency (*Matter of Ibhawa v New York State Div. of Human Rights*, 42 NY3d 744, 750 [2024]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Co-op. Educ. Services*, 77 NY2d 753, 758 [1991]). "The court may not consider arguments or evidence not contained in the administrative record" (*Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 16 AD3d 72, 75 [1st Dept 2005], *affd* 6 NY3d 104 [2005]). "If the reasons an agency relies on do not reasonably support its determination, the administrative order must be overturned and it cannot be affirmed on an alternative ground that would have been adequate if cited by the agency" (*Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y.*, 16 NY3d 360, 368 [2011]).

In their answer, DOE argues that they had a rational basis and denied Vargas the additional service credits because he "failed to submit the appropriate enrollment paperwork within the designated timeframe after receiving his individual judgement to participate in the 55/25 retirement plan." Vargas argues that DOE was arbitrary and capricious because their argument that he did not submit the enrollment paperwork on time was not contained in the administrative record.

The November 9, 2023 letter denied Vargas' request on grounds other than those respondents argue in their answer. The letter states that Vargas was denied access to the 55/25 plan because he did not complete the 25 years of requisite service and that he was required to make additional member contributions, rather than denying him on the basis that he did not

152009/2024  VARGAS, WILFREDO vs. THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 5 of 7

5 of 7

provide the paperwork on time. The credible evidence before the court shows that Vargas not only made these payments, but that they were accepted and deposited by the TRS.

In addition to DOE's failure to raise the untimeliness argument, respondents' determination letter states that Vargas had successfully enrolled in the plan. The letter states that **"[b]ecause of his enrollment in the Early Retirement Plan** he was required to make Additional Member Contributions" (emphasis added) and further provides:

> We generated a refund of the 1.85% AMCs you made when you were enrolled in "55/25". Since you are no longer enrolled in "55/25", we must refund all 1.85% AMCs you made… We generated a second refund of $7,426.27… This refund represents AMC deficit payments that you made.

The Court agrees with Vargas. Respondents cannot use this Article 78 proceeding to invoke new grounds upon which to deny his additional service time, and which were not acknowledged in a written communication by respondent to Vargas stating that he did not accrue additional service time to qualify for the 55/25 Plan. Here, Vargas made the required contributions to accrue the additional service time and qualify for the 55/25 plan. Based on the foregoing, the court finds that DOE was arbitrary and capricious in denying petitioner the additional service time, and the petition is granted.

**Conclusion**

In accordance herewith, it is hereby

**ADJUDGED** that WILFREDO VARGAS' petition is granted; and it is further

**ORDERED** that The Department of Education of the City of New York and THE TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK are directed to calculate the additional contribution amounts owed by WILFREDO VARGAS in order to accrue

152009/2024  VARGAS, WILFREDO vs. THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 6 of 7

6 of 7

the service time he is owed in accordance with *Gulino* and provide an invoice of that amount to petitioner; and it is further

**ORDERED** that The Department of Education of the City of New York and THE TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK are directed to enroll petitioner in the 55/25 Early Retirement plan upon receipt of additional contribution payment.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby denied and this constitutes the decision and order of the court.

6/5/2025
DATE

_____
LYNN R. KOTLER, J.S.C.

CHECK ONE:
[X] CASE DISPOSED
[ ] NON-FINAL DISPOSITION
[X] GRANTED  [ ] DENIED  [ ] GRANTED IN PART  [ ] OTHER

APPLICATION:
[ ] SETTLE ORDER
[ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
[ ] INCLUDES TRANSFER/REASSIGN
[ ] FIDUCIARY APPOINTMENT
[ ] REFERENCE

152009/2024   VARGAS, WILFREDO vs. THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK ET AL
Motion No. 001

Page 7 of 7

7 of 7