Wilson v Milonas (2025 NY Slip Op 51184(U))

[*1]

Wilson v Milonas

2025 NY Slip Op 51184(U)

Decided on July 22, 2025

Supreme Court, New York County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 22, 2025
Supreme Court, New York County

Christopher T. Wilson, Petitioner,

against
Sofia Milonas, CLAIRE MILONAS, JOSHUA CENDER, CONSTANTINA S PAPAGEORGIOU, ANDREW DAFNOS, and EVRIDIKI POUMPOURIDIS, Respondents.

Index No. 152086/2025

Ashlee Crawford, J.

Petitioner Christopher T. Wilson brings this special proceeding pursuant to CPLR 3102(c) to obtain pre-action discovery consisting of a trust agreement for the "Aegean Trust"; a settlement agreement related to the trust; to identify the trustees of the trust and the "eight family units" who allegedly received distributions or benefits from the trust under the settlement agreement; and for the preservation of certain evidence.
Petitioner contends that he is the non-marital son of decedent Spiros Nicholas Milonas, who died in 2022, leaving an estate of about $500 million. Concerning his alleged familial relationship to decedent, petitioner states that he submitted his DNA to 23andMe, which showed he has 20.77% shared DNA with a half-sister identified as "CM," who petitioner claims upon information and belief is decedent's daughter, respondent Claire Milonas (Wilson Aff. at ¶ 11 and Ex. 3 [NYSCEF Docs. 4, 8]; Memo of Law in Supp. at 15-16 [NYSCEF Doc. 2]). This [*2]alleged filiation to decedent, petitioner argues, gives him "unquestioned standing as a beneficiary of the Aegean Trust," under either Guernsey law or New York law; renders him a necessary party to any settlement arising therefrom; and gives him an "absolute right to information" concerning the trust and settlement (Memo of Law in Supp. at 2-3, 11). Petitioner further argues that he "must have access to the terms, provisions and conditions of the Aegean Trust and the global settlement agreement in order to properly frame his legal claims" for breach of fiduciary duty, an accounting, the claw back of improper distribution of trust assets, and vacatur of the settlement agreement related to the trust (id. at 4 [emphasis added]; see also id. at 7, 10, 13).
In opposition, decedent's daughters, respondents Sofia Milonas and Claire Milonas, submit the affirmation of respondent Constantina Papageorgiou, who is Court-appointed Guardian of the Property for decedent in an Article 81 guardianship proceeding in this Court. Papageorgiou asserts that she refused to provide petitioner with information concerning decedent within the context of the guardianship proceeding, because she "had no idea who he was and it was never proven to [her] that Petitioner was the biological child of" decedent (Papageorgiou Affirm. at ¶ 5 [NYSCEF Doc. 37]).
The Milonas respondents also submit a letter dated March 6, 2025, in which their counsel informed petitioner that the factual assumptions underpinning his petition are "almost entirely incorrect." Counsel explained that decedent was not the settlor of the Aegean Trust; and the beneficiaries of the trust are only decedent's daughters and their issue, and no other issue of decedent. Counsel further explained that the settlement agreement resolved disputes and pending litigation between decedent; his wife, non-party Antonia Milonas; and certain family companies, and did not, as petitioner alleges, distribute trust assets to "eight family units." As proof, counsel provided petitioner with the first page of the settlement agreement. Finally, counsel stated in the March 6th letter that decedent's 2015 will, which was executed about 20 years after petitioner claims to have first met decedent, does not mention petitioner, and was filed with Surrogate's Court for safekeeping in 2021, prior to decedent's death (Ex. A to Dunn Affirm. [NYSCEF Doc. 33]; see Decedent's Will [NYSCEF Doc. 47]).[FN1]

Further, the Milonas respondents argue that petitioner lacks standing to demand discovery related to the trust, because he has no claim to the trust assets and cannot challenge the trust instrument (Memo of Law in Opp. at 2-3 [NYSCEF Doc. 35]). Citing the fiduciary duties that a trustee generally has to trust beneficiaries, they maintain that the trustee here would inform petitioner if he were in fact a beneficiary of the trust. Respondents insist that petitioner is engaged in a speculative fishing expedition and does not present a meritorious cause of action (id. at 3-7).[FN2]

"To obtain pre-action disclosure pursuant to CPLR 3102, a petitioner must demonstrate it has [a] sufficient factual basis to assert a meritorious cause of action and that the information sought is material and necessary to the actionable wrong" (Matter of Khorassani v Financial Indus. Regulatory Auth., 223 AD3d 589, 590 [1st Dept 2024][internal quotation marks and citation omitted]; accord Sandals Resorts Intern. Ltd. v Google, Inc., 86 AD3d 32, 38 [1st Dept 2011]; CPLR 3102[c]). "Pre-action discovery is not permissible as a fishing expedition to ascertain whether a cause of action exists" (Matter of GTV Media Group, Inc. v Confidential Glob. Investigations, 205 AD3d 539, 539 [1st Dept 2022][internal quotation marks and citation omitted]; accord Bishop v Stevenson Commons Assoc., L.P., 74 AD3d 640, 641 [1st Dept 2010], lv denied 16 NY3d 702 [2011]). Whether a party has demonstrated its entitlement to pre-action discovery under CPLR 3102(c) is a determination within the sound discretion of the trial court (id.; see Sokolova v City of New York, 224 AD3d 522, 523 [1st Dept 2024]; Walker v Sandberg & Sikorski Corp. Firestone, Inc., 102 AD3d 415, 415 [1st Dept 2013]).
Here, petitioner is not entitled to the pre-action discovery sought, as he has not shown that he has a meritorious cause of action or that the information he seeks is "material and necessary" to an actionable wrong (Matter of Oved & Oved LLP v Google, LLC, 231 AD3d 582, 582 [1st Dept 2024], lv denied 43 NY3d 902 [2025]; Matter of Johnson v Union Bank of Switzerland, AG, 150 AD3d 436, 436 [1st Dept 2017]; cf. Delgrange v RealReal, 182 AD3d 421, 422 [1st Dept 2020], lv dismissed 36 NY3d 955 [2020]; Matter of Camara v Skanska, Inc., 150 AD3d 548, 549 [1st Dept 2017]). In the first instance, petitioner has not established through competent or reliable proof that he is decedent's son. He simply presents a document from a retail DNA company, the reliability of which is unclear, and which purports to show his relation to an unknown person identified only as "CM" (cf. EPTL 4-1.2 [clear and convincing standard]). Additionally, petitioner's assertion that he is or should be a beneficiary of the trust is pure speculation, and his efforts to obtain the trust documents and related settlement agreement are the kind of fishing expedition that CPLR 3102 protects against (Matter of Khorassani v Financial Indus. Regulatory Auth., 223 AD3d at 590; Matter of GTV Media Group, Inc. v Confidential Glob. Investigations, 205 AD3d 539, 539 [1st Dept 2022]). Indeed, petitioner concedes that he seeks the discovery, not simply to identify would-be defendants, but to "properly frame his legal claims" (Memo of Law at 4 [emphasis added]; see also id. at 10 [petitioner seeks the settlement agreement "to better frame his claims"], 13 [same]). Finally, to the extent petitioner believes he is entitled to inherit under decedent's will, which is both on file in Surrogate's Court and in the record here (NYSCEF Docs. 47-48), he is already in possession of facts sufficient to frame his complaint (White v New York City Tr. Auth., 198 AD3d 557, 557 [1st Dept 2021]; Bishop, supra at 641).[FN3]

For the foregoing reasons, it is hereby
ORDERED that the petition by petitioner Christopher T. Wilson for pre-action discovery related to the "Aegean Trust" is DENIED and this proceeding is DISMISSED with prejudice.
This constitutes the decision and order of the Court.
DATE 7/22/2025
ASHLEE CRAWFORD, J.S.C.

Footnotes

Footnote 1:Decedent's will provides that, as employed therein, "[t]he terms 'descendants' and 'issue' have the same meaning," and "[r]eferences to descendants of any degree (i) shall include only CLAIRE MILONAS, SOFIA MILONAS . . . and their respective descendants" (Will at ¶ 11[D]-[E][emphasis added]).

Footnote 2:Respondent Joshua Cender, who formerly served as General Counsel and Chief Operating Officer of decedent's company, Ionian Management, Inc., takes no position regarding the merits of the petition (Cender Affirm. at ¶¶ 3-4 [NYSCEF Doc. 38]). Respondent Evridiki Poumpouridis, a Court-appointed guardian ad litem in decedent's guardianship proceeding, denies personal jurisdiction over her without moving to dismiss, and emphasizes the chilling effect on guardianships if this suit were permitted to proceed against her in her appointed capacity (Poumpouridis Affirm. at ¶¶ 1-4 [NYSCEF Doc. 36]). 

Footnote 3:The Court also notes that the Surrogate is particularly well-positioned to determine questions of petitioner's filiation to decedent, and any right he may have to inherit under the will.