Matter of Rivera v Diaz (2020 NY Slip Op 03787)





Matter of Rivera v Diaz


2020 NY Slip Op 03787


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-09871
2019-10440
 (Docket Nos. O-15413-19, V-15415-19)

[*1]In the Matter of Elijah Rivera, respondent,
v
Miguel Diaz, appellant.


Dean M. Solomon, Mamaroneck, NY, for appellant.
Maria J. Frank, Yorktown Heights, NY, for respondent.
Christina T. Hall, Harrison, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an amended order of the Family Court, Westchester County (Arlene E. Katz, J.), entered August 6, 2019, and (2) an order of the same court also entered August 6, 2019. The amended order entered August 6, 2019, inter alia, upon the denial of the father's request for an adjournment or for leave to appear in court telephonically, and after an inquest following the father's default, granted the mother's petition for sole legal and physical custody of the subject child. The order entered August 6, 2019, denied the father's application to sign an order to show cause.
ORDERED that the appeal from the amended order entered August 6, 2019, is dismissed except insofar as it brings up for review the denial of the father's request for an adjournment or for leave to appear in court telephonically (see CPLR 5511; Katz v Katz, 68 AD2d 536); and it is further,
ORDERED that the amended order entered August 6, 2019, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the appeal from the order entered August 6, 2019, is dismissed, without costs or disbursements, on the ground that no appeal lies from the denial of an application to sign an order to show cause (see Smith v Smith, 178 AD3d 980; Khanal v Sheldon, 74 AD3d 894; Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y., 14 AD3d 553, affd 7 NY3d 451).
Where an order is made upon the appellant's default, review is limited to matters which were the subject of contest below (see James v Powell, 19 NY2d 249, 256 n 3; Matter of Paulino v Camacho, 36 AD3d 821; Brown v Data Communications, 236 AD2d 499). Accordingly, in this case, review of the amended order granting the mother's petition for sole legal and physical custody of the parties' child is limited to the denial of the father's request for an adjournment or for leave to appear in court telephonically (see Tun v Aw, 10 AD3d 651, 652; Brown v Data Communications, 236 AD2d at 499).
Whether to grant a party's request for an adjournment "is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283; see Matter of Vidal v Mintzer, 309 AD2d 756, 758). Here, the Family Court did not improvidently exercise its discretion in denying the father's request for an adjournment or for leave to appear in court telephonically (see Matter of Krische v Sloan, 100 AD3d 758).
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court