Matter of Neham v New York City Tr. Auth. (2022 NY Slip Op 01026)





Matter of Neham v New York City Tr. Auth.


2022 NY Slip Op 01026


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-03919
 (Index No. 702535/18)

[*1]In the Matter of Jeffrey Neham, respondent,
v
New York City Transit Authority, appellant.


Anna Ervolina, Brooklyn, NY (Harriet Wong of counsel), for appellant.
Litman Law Firm, Woodbury, NY (Jeffrey Litman of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 3102(c) to obtain pre-action disclosure, the New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), dated January 30, 2019. The order granted the petition, which was to direct the New York City Transit Authority to preserve and produce any surveillance videos or records prepared in the regular course of business concerning an alleged slip and fall, or to provide an affidavit explaining the absence of any such videos or records, and the petitioner's motion pursuant to CPLR 3102(c), in effect, to compel the New York City Transit Authority to permit an inspection of the location of the accident upon certain conditions and to refrain from performing alterations or modifications to the location pending that inspection.
ORDERED that the order is reversed, on the law, with costs, the petition and the motion are denied, and the proceeding is dismissed.
The petitioner alleges that he was injured when he slipped and fell due to an accumulation of water leaking from the ceiling onto the landing at the top of an escalator in a subway station. The petitioner commenced this proceeding against the New York City Transit Authority (hereinafter the Transit Authority) seeking to direct the Transit Authority to preserve and produce any surveillance videos or records prepared in the regular course of business concerning the accident, or to provide an affidavit explaining the absence of any such videos or records. The petitioner also moved pursuant to CPLR 3102(c), in effect, to compel the Transit Authority to permit an inspection of the location of the accident upon certain conditions and to refrain from performing alterations or modifications to the location pending that inspection. The Supreme Court granted the petition and the motion, and the Transit Authority appeals.
The Supreme Court improvidently exercised its discretion in granting the petition and the motion. CPLR 3102(c) provides, as relevant, that "[b]efore an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order." Here, the petitioner's notice of claim demonstrates that the petitioner possessed sufficient information to enable him to formulate his complaint and commence an action (see Matter of Verdon v New York City Tr. Auth., 92 AD2d 465, 466; Vulcan Methods v Glubo, 36 AD2d 773). Therefore, under the circumstances, the only purpose of the pre-action discovery sought by the petitioner would be to "explore alternative theories of liability, which is not a proper basis for [*2]invoking CPLR 3102(c)" (Matter of Uddin v New York City Tr. Auth., 27 AD3d 265, 266; see Holzman v Manhatan & Bronx Surface Tr. Operating Auth., 271 AD2d 346, 347-348). Moreover, considering, inter alia, the evidence already in the petitioner's possession, the order directing the Transit Authority to preserve the condition of the site of the accident until completion of an inspection was unduly burdensome (see Belco Petroleum Corp. v AIG Oil Rig, 179 AD2d 516, 517; see also Bishop v Stevenson Commons Assoc., L.P., 74 AD3d 640, 641).
The Transit Authority's remaining contention is based on matter dehors the record and thus not properly before this Court (see Matter of Lazaroff v Acevedo, 193 AD3d 738).
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court