Brightside Home Improvements, Inc. v Northeast Home Improvement Servs. (2022 NY Slip Op 04785)

Brightside Home Improvements, Inc. v Northeast Home Improvement Servs.

2022 NY Slip Op 04785

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2018-14591
 (Index No. 608059/16)

[*1]Brightside Home Improvements, Inc., etc., respondent, 
v
Northeast Home Improvement Services, et al., appellants, et al., defendants.

The Stein Firm PLLC, Albertson, NY (Joshua Stein of counsel), for appellants.
Robert Previto, Huntington Station, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Northeast Home Improvement Services, Perri Logan Equity, Inc., and Steve Nemiroff appeal from a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered December 5, 2018. The judgment, upon (1) an order of the same court (Arthur M. Diamond, J.) entered April 12, 2017, among other things, denying those defendants' motion, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them; (2) an order of the same court (Arthur M. Diamond, J.) entered June 1, 2017, denying those defendants' motion for leave to reargue their prior motion, among other things, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them; (3) an order of the same court (Arthur M. Diamond, J.) entered December 29, 2017, granting those branches of the plaintiff's unopposed motion which were pursuant to CPLR 3126 to strike those defendants' answer and for leave to enter a default judgment on the issue of liability; and (4) an inquest on the issue of damages, is in favor of the plaintiff and against those defendants in the principal sum of $31,383.50.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, Brightside Home Improvements, Inc., commenced this action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien it filed in relation to work it had performed as a subcontractor on a home renovation in 2015. The plaintiff had performed roofing, masonry, and carpentry work on the home. The mechanic's lien named Northeast Home Improvement Services, LLC (hereinafter Northeast), as the general contractor. The plaintiff commenced this action against, among others, Northeast, the defendant Steve Nemiroff, who is one of Northeast's members, and the defendant Perri Logan Equity, Inc., of which Nemiroff is the President (hereinafter collectively the Northeast defendants), alleging, among other things, that the Northeast defendants were alter egos of each other.
The Northeast defendants moved, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them and to vacate and cancel the mechanic's lien. In support of their motion, the Northeast defendants argued, among other things, that the plaintiff was barred from recovery because it was not properly licensed to do the home improvement work it had performed, that the licensing issue had already been determined against the plaintiff in a related [*2]action, and that the lien was defective for failing to name Perri Logan Equity, Inc., as the general contractor. In an order entered April 12, 2017, the Supreme Court, inter alia, denied the motion. The Northeast defendants thereafter moved for leave to reargue their prior motion, among other things, to dismiss the complaint insofar as asserted against them, and the motion for leave to reargue was denied by the court in an order entered June 1, 2017.
Following further proceedings, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the Northeast defendants' answer for their failure to appear at two preliminary conferences, and for leave to enter a default judgment against them. The Northeast defendants failed to oppose that motion and, in an order entered December 29, 2017, the Supreme Court granted those branches of the plaintiff's unopposed motion which were to strike the Northeast defendants' answer and for leave to enter a default judgment on the issue of liability, struck the Northeast defendants' answer, and directed an inquest on the issue of damages. Following a contested inquest, the court awarded the plaintiff the principal sum of $31,383.50. Judgment was entered in favor of the plaintiff and against the Northeast defendants in that principal sum. The Northeast defendants appeal.
Generally, an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501[a][1]). However, since no appeal lies from an order denying reargument, the June 1, 2017 order, denying the Northeast defendants' motion for leave to reargue their prior motion, among other things, to dismiss the complaint insofar as asserted against them, is not brought up for review (see Metro-Gem Leasing & Funding Corp. v Dancy Auto Group, LLC, 183 AD3d 619, 620; Gorelik v Gorelik, 85 AD3d 859, 860). Similarly, no appeal lies from an order granted upon the default of the appealing party (see CPLR 5511; Adotey v British Airways, PLC, 145 AD3d 748, 749). Where a judgment is based, in part, on a default by the appellant, "review is limited to matters which were the subject of contest below" (Matter of Rivera v Diaz, 185 AD3d 695, 696; see James v Powell, 19 NY2d 249, 256 n 3; Hawes v Lewis, 127 AD3d 921, 922). Thus, the December 29, 2017 order granting those branches of the plaintiff's unopposed motion which were pursuant to CPLR 3126 to strike the Northeast defendants' answer and for leave to enter a default judgment on the issue of liability is not reviewable on the appeal from the judgment (see Katz v Katz, 68 AD2d 536, 540-542).
The Supreme Court, in its April 12, 2017 order, properly denied the Northeast defendants' motion, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them and to vacate and cancel the mechanic's lien.
Where a home improvement contractor is not properly licensed in the municipality where the work is performed at the time the work is performed, the contractor forfeits the right to recover for the work performed, both under the contract and on a quantum meruit basis (see B & F Bldg. Corp. v Liebig, 76 NY2d 689; Forman Constr., Inc. v P.D.F. Constr., 175 AD3d 1491, 1492; Holistic Homes, LLC v Greenfield, 138 AD3d 689, 690; Graciano Corp. v Baronoff, 106 AD3d 778, 779; CMC Quality Concrete III, LLC v Indriolo, 95 AD3d 924, 925). Moreover, an unlicensed home improvement contractor may not commence an action to foreclose a mechanic's lien (see Kristeel, Inc. v Seaview Dev. Corp., 165 AD3d 1243, 1244; Nicotra v Manger, 64 AD3d 547, 547). Contrary to the Northeast defendants' contention, the issue of whether or not the plaintiff was properly licensed for the work it performed was not "actually litigated, squarely addressed and specifically decided" in a previous action (M. Kaminsky & M. Friedberger v Wilson, 150 AD3d 1094, 1095; see Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825, 826). Accordingly, the doctrine of collateral estoppel does not apply.
Moreover, the Northeast defendants' submissions were insufficient to establish, as a matter of law, that the plaintiff was not properly licensed. On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept the facts alleged in the complaint to be true, and accord the plaintiff the benefit of every possible favorable inference (see id. § 3026; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; Leon v Martinez, 84 NY2d 83, 87). "However, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (Dubon v Drexel, 195 AD3d 991, 993 [internal quotation marks omitted]; see Maas v Cornell Univ., 94 NY2d 87, 91). Where "evidentiary material is [*3]submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Palero Food Corp. v Zucker, 186 AD3d 493, 495 [internal quotation marks omitted]).
Licensing statutes are to be strictly construed (see Quick Start Constr. Corp. v Staiger, 77 AD3d 900, 900; J.G. Cerasuolo Constr., Inc. v Tyler, 35 AD3d 376, 378; Callos, Inc. v Julianelli, 300 AD2d 612, 613). Nassau County Administrative Code § 21-11.2, the licensing provision at issue, provides that "[n]o person shall own, maintain, conduct, operate, engage in or transact a home improvement business . . . unless he [or she] is licensed therefore pursuant to this title." Notably, Nassau County Administrative Code § 21-11.2 does not expressly require licenses specific to each subspecialty of home improvement.
Here, the Northeast defendants' submissions established that the plaintiff held a valid home improvement license from Nassau County at the time of the subject work. However, the license was purportedly limited to the subspecialties of "trim, windows, siding and awnings." Absent an explanation from a County official as to the County's practice of sublicensing, and whether or not the plaintiff was properly licensed to perform the work at issue, the submissions were insufficient to demonstrate that no significant dispute exists regarding whether the plaintiff was properly licensed to do the work it performed (see Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 664; cf. Vatco Contr., Ltd. v Kirschenbaum, 73 AD3d 1163, 1164).
Similarly, in light of the allegation in the amended complaint that the Northeast defendants were alter egos of each other (cf. Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 945), the Northeast defendants' submissions were insufficient to establish that no significant dispute exists regarding whether Northeast was properly named on the lien (see Lien Law § 9[3]; Houtenbos v Fordune Assn., Inc., 200 AD3d at 664).
Proceedings on a contested inquest are brought up for review on an appeal from the judgment (see Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892; Matter of Elaine Langer Trust, 179 AD3d 1061, 1062). However, the Northeast defendants improperly raise substantive arguments against their liability, which are not properly addressed at an inquest on damages (see Gonzalez v Wu, 131 AD3d 1205, 1206; Suburban Graphics Supply Corp. v Nagle, 5 AD3d 663, 665-666; Hussein v Ratcher, 272 AD2d 446, 447). The Northeast defendants' remaining contentions regarding the inquest improperly rely on matter which is dehors the record (see Matter of Neham v New York City Tr. Auth., 202 AD3d 965, 966), or may not be reviewed because the Northeast defendants failed to include the full transcript of the inquest in the record (see CPLR 5526; Kruseck v Ross, 82 AD3d 939, 940; Rivera v City of New York, 80 AD3d 595, 596).
Accordingly, we affirm the judgment.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court