Matter of Hanrahand v Hanrahand (2023 NY Slip Op 06367)

Matter of Hanrahand v Hanrahand

2023 NY Slip Op 06367

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-06081
2022-06082
2022-06083
 (Docket No. F-3481-18/22)

[*1]In the Matter of Katherine T. Hanrahand, respondent, 
v
Francis J. Hanrahand, appellant. Gary E. Eisenberg, New City, NY, for appellant.

Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Mary Ellen DeCicco of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of disposition of the Family Court, Dutchess County (Steven R. Kaufman, S.M.), dated April 27, 2022, (2) an order of the same court also dated April 27, 2022, and (3) an order of commitment of the same court (Jeffrey C. Martin, J.) dated June 27, 2022. The order of disposition, upon the denial of the father's request for an adjournment or for leave to appear in court telephonically, and after an inquest following the father's default, inter alia, determined that the father willfully violated a prior order of child support. The order dated April 27, 2022, inter alia, directed the entry of a money judgment in favor of the Support Collection Unit on behalf of the mother and against the father in the sum of $6,022.72. The order of commitment, inter alia, confirmed the order of disposition.
ORDERED that the appeals from the order of disposition and the order dated April 27, 2022, are dismissed, without costs or disbursements, as those orders were superseded by the order of commitment, and are brought up for review on the appeal from the order of commitment; and it is further,
ORDERED that the order of commitment is affirmed, without costs or disbursements.
The father and the mother have two children together. In January 2022, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of a child support order. On March 7, 2022, the parties appeared before a Support Magistrate, who scheduled a hearing on March 23, 2022, and who informed the father that he was required to appear in person. The Support Magistrate warned the father that if he did not appear, the hearing would proceed in his absence. The hearing was adjourned to April 6, 2022, and the father defaulted in appearing. The Support Magistrate denied the father's attorney's request for an adjournment or for leave for the father to appear in court telephonically, and subsequently issued an order of disposition dated April 27, 2022, inter alia, determining that the father willfully violated the child support order, and another order dated April 27, 2022, among other things, directing the entry of a money judgment in favor of the Support Collection Unit on behalf of the mother and against the [*2]father in the sum of $6,022.72. By order to show cause, the father moved, inter alia, to vacate his default. On June 3, 2022, the Support Magistrate denied the motion on the record, finding that the father had failed to serve the order to show cause and that his motion was meritless. In an order of commitment dated June 27, 2022, the Family Court, among other things, confirmed the Support Magistrate's order of disposition. The father appeals.
Where, as here, the order appealed from was made upon the appellant's default, review is limited to matters which were the subject of contest in the Family Court (see James v Powell, 19 NY2d 249, 256 n 3; Matter of Rivera v Diaz, 185 AD3d 695; Brown v Data Communications, 236 AD2d 499). Accordingly, in this case, review of the order of disposition is limited to the denial of the father's request for an adjournment or for leave to appear in court telephonically (see Matter of Rivera v Diaz, 185 AD3d 695; Tun v Aw, 10 AD3d 651, 652; Brown v Data Communications, 236 AD2d at 499).
Whether to grant a party's request for an adjournment "is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283; see Matter of Vidal v Mintzer, 309 AD2d 756, 758). Here, the Family Court did not improvidently exercise its discretion in denying the father's request for an adjournment or for leave to appear in court telephonically (see Matter of Rivera v Diaz, 185 AD3d at 696; Matter of Krische v Sloan, 100 AD3d 758).
The father's remaining contentions are not properly before this Court.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court