Mikoma Elec., LLC v Otek Bldrs., LLC (2024 NY Slip Op 06332)

Mikoma Elec., LLC v Otek Bldrs., LLC

2024 NY Slip Op 06332

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2020-08380
 (Index No. 152596/19)

[*1]Mikoma Electric, LLC, et al., respondents,
v
Otek Builders, LLC, et al., appellants.

Tuttle Yick LLP, New York, NY (Gregory O. Tuttle, Serena A. Skala, and David G. Skillman of counsel), for appellants.
Bustos & Associates, P.C., New York, NY (Pablo Bustos of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated October 15, 2020. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted by the plaintiff Mikoma Technology of Power and Lights Wiring and Control Limited Liability Partnership and, in effect, to discharge the mechanic's liens filed by that plaintiff.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted by the plaintiff Mikoma Technology of Power and Lights Wiring and Control Limited Liability Partnership and, in effect, to discharge the mechanic's liens filed by that plaintiff is granted.
The defendant Otek Builders, LLC (hereinafter Otek), was the general contractor for various construction projects on properties owned by WeWork Companies, Inc. Otek subcontracted with the plaintiff Mikoma Technology of Power and Lights Wiring and Control Limited Liability Partnership (hereinafter Mikoma Tech) to perform electrical work with respect to a number of these properties and with the plaintiff Mikoma Electric, LLC (hereinafter Mikoma Electric), to perform electrical work with respect to the remaining properties. Although Mikoma Electric was licensed to perform electrical work in compliance with Administrative Code of the City of New York § 27-3017, Mikoma Tech was not. However, Mikoma Electric obtained the electrical work permits for the projects subcontracted to Mikoma Tech, and the work on those properties was allegedly performed by Mikoma Electric's employees and supervised by the treasurer of Mikoma Electric, Miroslaw Parys, who is a licensed master electrician and works as an electrician for Mikoma Tech.
Upon completion of the work, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and Mikoma Tech filed mechanic's liens against the subject properties. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted by Mikoma Tech and, in effect, to discharge the mechanic's liens filed by Mikoma Tech on the ground that Mikoma Tech's failure to obtain the required license barred its recovery. By order dated October 15, 2020, the Supreme Court denied the motion. The defendants appeal.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. 'To be considered "documentary," evidence must be unambiguous and of undisputed authenticity'" (Coalition of Landlords, Homeowners & Merchants, Inc. v S. & A. Neocronon, Inc., 224 AD3d 658, 659, quoting Fontanetta v John Doe 1, 73 AD3d 78, 86 [alterations and citation omitted]; see City of Long Beach v Agostisi, 221 AD3d 776, 777).
Here, the Supreme Court properly denied dismissal pursuant to CPLR 3211(a)(1) because the printouts from the New York City Department of Buildings's webpage, submitted by the defendants to prove that Mikoma Tech was not a licensed electrical business, do not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 806; Guido v Orange Regional Med. Ctr., 102 AD3d 828, 830).
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the pleading as true, afford the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Island Ordnance Sys., LLC v Amerimex, Inc., 224 AD3d 821, 822; see Leon v Martinez, 84 NY2d 83, 87-88; Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Moreover, the court may consider affidavits submitted by the pleading party to remedy any defects in the pleading, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (Island Ordnance Sys., LLC v Amerimex, Inc., 224 AD3d at 822; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669).
Administrative Code § 27-3017(a) states that it shall be unlawful for any person, inter alia, to perform electrical work in the City of New York unless that person is a licensed master electrician or a special electrician or working as an employee under a master electrician's or a special electrician's direct supervision (see id.). "Licensing statutes are to be strictly construed" (Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc., 226 AD3d 746, 748; Brightside Home Improvements, Inc. v Northeast Home Improvement Servs., 208 AD3d 446, 450; see Callos, Inc. v Julianelli, 300 AD2d 612, 613). "'So strict has been judicial construction of the statutory requirement through concern for the public health and welfare that the requirement may not be satisfied by employing or subletting' the work to an appropriately licensed person" (Charlebois v Weller Assoc., 72 NY2d 587, 592-593, quoting Vitanza v City of New York, 48 AD2d 41, 44, affd 40 NY2d 872).
Here, the complaint, even as supplemented by affidavits from Mikoma Tech's president and Parys, failed to allege that Mikoma Tech was licensed to perform electrical work in New York City. As Mikoma Tech was not licensed to perform electrical work in the City, it may not recover against the defendants under a breach of contract or quantum meruit theory and has forfeited the right to foreclose on mechanic's liens (see Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc., 226 AD3d 746; Brightside Home Improvements, Inc. v Northeast Home Improvement Servs., 208 AD3d at 449; Callos, Inc. v Julianelli, 300 AD2d at 613).
Mikoma Tech's contention that recovery should not be denied because Mikoma Electric was a duly licensed subcontractor that performed the electrical work is without merit. This Court has previously held that such a relationship is insufficient to permit an unlicensed contractor to recover for work performed in the City (see Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc., 226 AD3d at 748; Fisher Mech. Corp. v Gateway Demolition Corp., 247 AD2d 579). Moreover, that the permits were obtained in Mikoma Electric's and Parys's names and that Otek may have known that the electrical work permits were issued to an entity other than Mikoma Tech does not bar application of the above rule (see Electrical Contr. Solutions Corp. v Trump Vil. Section 4, Inc. 226 AD3d at 748-749; Fisher Mech. Corp. v Gateway Demolition Corp., 247 AD2d at 581; Millington v Rapoport, 98 AD2d 765, 766).
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted by Mikoma Tech and, in effect, to discharge the mechanic's liens filed by Mikoma Tech.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court