Early, LLC v India St. Props., LLC (2025 NY Slip Op 02319)

Early, LLC v India St. Props., LLC

2025 NY Slip Op 02319

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2021-06292
 (Index No. 511762/15)

[*1]Early, LLC, et al., respondents, 
v
India Street Properties, LLC, et al., appellants.

Andrew Lavoott Bluestone, New York, NY, for appellants.
Sabaj Law P.C., Brooklyn, NY (Donald A. Pitofsky of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass, the defendants appeal from a judgment of the Supreme Court, Kings County (Devin P. Cohen, J.), dated April 5, 2021. The judgment, upon the defendants' failure to appear at trial, and after an inquest, among other things, (1) is in favor of the plaintiff Early, LLC, and against the defendant Alice Bromson in the total sum of $1,543 and the defendant Joe Bromson in the total sum of $10,801 on the cause of action alleging trespass, (2) is in favor of the plaintiffs and against the defendants Alice Bromson and Joe Bromson in the total sum of $4,629 for "costs and damages as compensation for losses," and (3) is in favor of the plaintiffs and against the defendants in the total sum of $113,857.40 for attorneys' fees, costs, and disbursements.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs and the defendants possess adjacent parcels of real property located in Brooklyn. The plaintiffs commenced this action, inter alia, to recover damages for trespass, alleging that the defendants interfered with their possessory rights without their consent. The defendants thereafter moved, among other things, for summary judgment dismissing the complaint and on their counterclaims alleging adverse possession and for a prescriptive easement. In an order dated August 30, 2018, the Supreme Court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the cause of action alleging trespass insofar as asserted by the plaintiff Early, LLC, and on their counterclaims alleging adverse possession and for a prescriptive easement.
The matter proceeded to trial, at which the defendants India Street Properties, LLC, and Alice Bromson failed to appear. Instead, only the defendant Joe Bromson appeared pro se and indicated that he wished to participate in the trial. The Supreme Court advised Joe Bromson that he could not appear on behalf of India Street Properties, LLC, but only on behalf of himself, and adjourned the trial to begin the next day. The record reflects that the next day, although both Joe Bromson and Alice Bromson appeared at the courthouse, only Joe Bromson entered the courtroom. However, immediately after the plaintiffs' counsel waived his opening statement and called his first witness, Joe Bromson exited the courtroom. Moments later, Joe Bromson returned to the courtroom and stated that he did not wish to participate in the trial. The plaintiffs then presented their case. After the conclusion of evidence, the court acknowledged that all of the defendants had defaulted [*2]and that it considered the proceeding to be an inquest against all of the defendants.
At the conclusion of the inquest, the Supreme Court, among other things, granted the plaintiffs' unopposed application for an award of attorneys' fees. Thereafter, in August 2021, the court entered a judgment in favor of the plaintiffs and against the defendants. The defendants appeal from the judgment.
"Generally, an appeal from a final judgment brings up for review 'any non-final judgment or order which necessarily affects the final judgment'" (Brightside Home Improvements, Inc. v Northeast Home Improvement Servs., 208 AD3d 446, 448, quoting CPLR 5501[a][1]). "Where a judgment is based, in part, on a default by the appellant, 'review is limited to matters which were the subject of contest below'" (id., quoting Matter of Rivera v Diaz, 185 AD3d 695, 696). Here, since all of the defendants defaulted by failing to appear for or participate in the trial, the substantive arguments with respect to their liability are not brought up for review on appeal from the judgment (see id.; Katz v Katz, 68 AD2d 536, 540-541). Similarly, as the plaintiffs' application for an award of attorneys' fees was not the subject of contest before the Supreme Court, the propriety of that award is also not brought up for review on appeal from the judgment (see Brightside Home Improvements, Inc. v Northeast Home Improvement Servs., 208 AD3d at 448-449).
On this appeal from the judgment, the defendants also seek review of the order dated August 30, 2018, to the extent it denied those branches of their motion which were for summary judgment on their counterclaims alleging adverse possession and for a prescriptive easement. "The Court of Appeals has determined that a nonfinal order 'necessarily affects' the final judgment 'in cases where the prior order str[uck] at the foundation on which the final judgment was predicated,' such that 'reversal would inescapably have led to a vacatur of the judgment'" (Stanescu v Stanescu, 206 AD3d 1031, 1033, quoting Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025). "The Court of Appeals also has determined that a nonfinal order necessarily affects the final judgment where the order 'necessarily removed [a] legal issue from the case so that there was no further opportunity during the litigation to raise the question decided by the prior non-final order'" (id. at 1033, quoting Bonczar v American Multi-Cinema, Inc., 38 NY3d at 1026 [internal quotation marks omitted]). Here, the challenged portions of the order dated August 30, 2018, did not necessarily affect the final judgment and therefore are not brought up for review on appeal therefrom (see Dyszkiewicz v City of New York, 218 AD3d 546, 547-548).
CONNOLLY, J.P., GENOVESI, CHAMBERS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court