Matter of Thomas G. v Marta B.
2026 NY Slip Op 03441
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Thomas G. (Anonymous), respondent,
v
Marta B. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-03897, (Docket Nos. V-5992-19, O-3971-23, O-4412-23)
Valerie Brathwaite Nelson, J.P.
William G. Ford
Barry E. Warhit
Donna-Marie E. Golia, JJ.

Peter Wilner, New York, NY, for appellant.
John S. Parnese, Staten Island, NY (John Z. Marangos of counsel), for respondent.
Rosa P. Tragni, Staten Island, NY, attorney for the child.
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Richmond County (Karen B. Wolff, J.), dated May 13, 2024. The order, upon the mother's default and after a hearing, inter alia, granted the father's petition for sole legal and physical custody of the subject child and found that the mother committed the family offense of harassment in the second degree against the father and the child.

[*1]
DECISION & ORDER
Motion by the respondent to dismiss the appeal on the ground that no appeal lies from an order entered upon the default of the appealing party. By decision and order on motion of this Court dated February 7, 2025, the respondent's motion to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted to the extent that the appeal is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the application of the mother's attorney for an adjournment (see CPLR 5511); and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as brings up for review the denial of the application of the mother's attorney for an adjournment of the family offense proceeding is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The parties have one child in common, born in 2015. In 2019, the parties each filed [*2]a petition for custody of the child. In September 2023, the parties each filed a family offense petition seeking an order of protection against the other party, and, in October 2023, the father filed another family offense petition against the mother. The Family Court thereafter commenced a joint hearing on the petitions. The mother failed to appear for her cross-examination and the court dismissed her custody and family offense petitions upon her default. On the next hearing date, the mother failed to appear and her attorney requested an adjournment but otherwise remained mute. The court denied the application of the mother's attorney to adjourn the hearing and proceeded with the hearing on the father's custody and family offense petitions.
Where, as here, the order appealed from was made upon the appellant's default, review is limited to matters which were the subject of contest in the Family Court (see Matter of Hanrahand v Hanrahand, 222 AD3d 753, 754; Matter of Anastasia N.A. [Latonia J.], 218 AD3d 563, 564-565). Accordingly, in this case, review is limited to the denial of the application of the mother's attorney for an adjournment, since it was the subject of contest below (see Matter of Dublin v Morris, 224 AD3d 901, 901).
Contrary to the mother's contention, the Family Court providently exercised its discretion in denying her attorney's application for an adjournment, as the mother had a history of missing court dates and her attorney failed to offer a credible explanation for the mother's absence (see Matter of Hanrahand v Hanrahand, 222 AD3d at 754; Matter of Dublin v Morris, 224 AD3d at 901).
The mother's remaining contentions are either not properly before this Court or without merit.
BRATHWAITE NELSON, J.P., FORD, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court