Matter of Rachel QQ. v Jaime QQ.
2026 NY Slip Op 03494
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Rachel QQ., Petitioner,
v
Jaime QQ., Appellant.

Decided and Entered:June 4, 2026
CV-25-0595
Calendar Date: April 21, 2026
Before: Garry, P.J., Ceresia, Powers And Mackey, JJ.

Todd G. Monahan, Schenectady, for appellant.
Timothy J. Lawliss, Peru, attorney for the children.

[*1]
Powers, J.
Appeals (1) from an order of the Family Court of Franklin County (Derek Champagne, J.), entered March 6, 2025, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children, (2) from the order of protection issued thereon.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject children (born in 2021 and 2023). In April 2024, after instances of domestic violence and the father's repeated departures from the family home, the mother filed the underlying petition seeking sole legal and physical custody of the children. Upon the father's failure to answer, Family Court granted the mother's request for a temporary order of sole custody and limitation of the father's contact with the children to supervised FaceTime calls. The father then failed to appear at the next scheduled court date and, as a result, the court found him to be in default and granted the mother's custody petition. However, this default was subsequently set aside upon the father's motion alleging that he had been unexpectedly hospitalized at the time of that appearance and a fact-finding hearing was set for January 2025.FN1 The father subsequently requested to be present at that hearing virtually, which the court denied. When the father failed to appear once again, the court granted his counsel's request to be relieved of representation, found the father to be in default and set the matter down for inquest. At the inquest, the father appeared with new counsel and orally moved to set aside his default, which the court denied and moved forward with taking the mother's testimony. Following the inquest, the court granted the mother sole legal and physical custody of the children and required that the father complete a mental health evaluation, an alcohol and substance abuse evaluation and successfully complete parenting and anger management classes before he may file a petition for contact with the children. The court also entered a full stay-away order of protection. The father appeals.FN2FN3
The appealed from order was entered upon the father's default and, as a result, he would normally be unable to take an appeal therefrom (see generally Matter of Amanda I. v Michael I., 185 AD3d 1252, 1254 [3d Dept 2020]). However, "a defaulting party is still free to seek review of the proceedings on a contested inquest" (Matter of Daniel RR. v Heather RR., 221 AD3d 1301, 1302 n 2 [3d Dept 2023] [internal quotation marks, ellipsis and citation omitted]). The father was present at the inquest by virtual means while counsel, who was present in person, actively participated. Although the father was subsequently removed for making objectionable statements to the attorney for the child, he was present for much of the proceeding and counsel remained present after his removal. The father, through counsel, denied all allegations raised in the mother's petition, made certain hearsay objections and [*2]placed his position on the record. Thus, notwithstanding the prohibition set forth in CPLR 5511, dismissal of this appeal is not required as this provision "does not bar the . . . review [of] matters which were the subject of contest below" (James v Powell, 19 NY2d 249, 256 n 3 [1967]; see Matter of Hanrahand v Hanrahand, 222 AD3d 753, 754 [2d Dept 2023]; Matter of Otero v Walker, 221 AD3d 714, 715 [2d Dept 2023]; cf. Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080 [4th Dept 2019]; compare Matter of Spearman v Hulen, 231 AD3d 1043, 1043 [2d Dept 2024]).
Initially, as to the father's procedural arguments, "[t]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984]; see Matter of Jerry VV. v Jessica WW., 186 AD3d 1799, 1800-1801 [3d Dept 2020]). The father's only proffered excuse as to why he could not appear in person for the scheduled fact-finding was that he had relocated to California and, though the hearing date was set prior to that relocation and days away at the time he contacted Family Court asking to appear virtually, he did not provide a reason as to why he could not return. Considering this and the father's history of nonappearance, we cannot say it was an improvident use of the court's discretion to deny his request to appear virtually for the scheduled fact-finding hearing and then, when he did not appear, find the father in default rather than adjourning the matter sua sponte (see Matter of Jessica HH. v Sean HH., 196 AD3d 750, 752 [3d Dept 2021]; Matter of Ariane I. v David I., 82 AD3d 1547, 1548 [3d Dept 2011], lv denied 17 NY3d 703 [2011]; see also Matter of Hanrahand v Hanrahand, 222 AD3d at 754; Matter of Naomi KK. v Natasha LL., 80 AD3d 834, 835 [3d Dept 2011], lv denied 16 NY3d 711 [2011]). Additionally, the court did not abuse its discretion when it terminated the father's virtual participation in the inquest after he called the attorney for the child a "b***h" as she attempted to set forth her position on the record (see Matter of Smith v Bullock, 202 AD3d 697, 698 [2d Dept 2022]; Matter of Bartosz B. [Andrzej B.], 187 AD3d 894, 896 [2d Dept 2020]; Matter of Nyree S. v Gregory C., 99 AD3d 561, 562 [1st Dept 2012], lv denied 20 NY3d 854 [2012]; see also 22 NYCRR 205.4 [b]).
Turning to the merits, "[a] custody determination, whether made upon the default of a party or not, must always have a sound and substantial basis in the record" (Matter of Otero v Walker, 221 AD3d at 715 [internal quotation marks and citations omitted]; see Matter of Amanda I. v Michael I., 185 AD3d at 1254). During the inquest, the mother testified that she had been the primary caregiver for the children and that the father — who had not seen the children in over a year — had essentially little to no relationship with them beyond once weekly FaceTime calls. However, during these calls, he ostensibly blamed the mother for his inability to see the children[*3], told the children to ask her why they could not visit him and often made offensive comments to the mother in their presence. The mother urged that the father should have only supervised parenting time, among other conditions. She described the father as unpredictable and unstable and detailed that he had a history of mental health issues and arrests, including for domestic violence and weapons possession. According to the mother, he had regularly inflicted verbal abuse upon her which had turned physical on occasion, including an incident where he choked her while she was pregnant with the younger child and another where he kicked the older child to the floor. Notably, the mother also appended to her petition text message communications between herself and the father which demonstrate a combative nature on his part. Considering this proof, Family Court's determination that it was in the best interests of the children to grant the mother sole legal and physical custody and require that the father comply with specified conditions before he may file a petition permitting contact with the children is supported by a sound and substantial basis in the record (see Matter of Mackenzie OO. v Ian NN., 242 AD3d 1345, 1350 [3d Dept 2025]; Matter of Megan UU. V Phillip UU., 193 AD3d 1287, 1290 [3d Dept 2021]).
Garry, P.J., Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.
ORDERED that the appeal from the order of protection is dismissed, as moot, without costs.

Footnotes

Footnote 1
In the meantime, the father filed his own custody petition that was subsequently dismissed for failure to prosecute.

Footnote 2
The father's notice of appeal predated entry of the order of custody and was, therefore, premature. Nevertheless, we exercise our discretion and treat the notice of appeal as valid to this extent (see CPLR 5520 [c]; Matter of Casey Q. v Jeffrey O., 244 AD3d 1519, 1522 [3d Dept 2025]; Matter of Evelyn EE. v Jody CC., 222 AD3d 1294, 1296 n 3 [3d Dept 2023], lv denied 41 NY3d 907 [2024]; see also Matter of Steven M. [Stephvon O], 88 AD3d 1099, 1100 [3d Dept 2011]

Footnote 3
The father's notice of appeal also made mention of the order of protection. However, that order has since expired by its own terms, and he has made no specific argument as to the underlying merits thereof to this Court. As a result, the father's appeal from the order of protection has been rendered moot (seeMatter of Tina X. v Thomas Y., 233 AD3d 1272, 1276-1277 [3d Dept 2024]; Matter of Kristine Z. v Anthony C., 43 AD3d 1284, 1284-1285 [4th Dept 2007], lv denied 10 NY3d 705 [2008]).